JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO MARTINEZ, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-10238-AFM<br><br>**[~~PROPOSED~~] ORDER OF DISMISSAL WITH PREJUDICE**<br><br>[*Concurrently filed with Joint Stipulation for Dismissal of Entire Action With Prejudice Pursuant to F.R.C.P. 41(a)(A)(ii)*]<br><br>Complaint Filed: October 30, 2019<br>Trial Date: None<br>Magistrate Judge: Hon. Alexander F. MacKinnon |

Pursuant to the parties' Joint Stipulation For Dismissal Of Entire Action With Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(ii), **IT IS HEREBY ORDERED**:

1. The above-entitled action is dismissed in its entirety with prejudice.

2. This Court shall retain jurisdiction over the parties and the action until December 2, 2020 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of their Confidential Settlement Agreement and Release of Claims, which reads (in full) as follows:

> Defendant shall, within twelve (12) months of the Effective Date, use good faith efforts to cause those portions of the Website that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities based on a visual impairment within the meaning of the ADA who use screen-reader software and web browsers to access the same information and engage in the same transactions with an ease of use substantially equivalent to that of a sighted person using the Website without screen-reader software ("ADA Compliant"). The Parties agree that "ADA Compliant" shall include being in substantial conformance with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA standards to the extent readily feasible or achievable, but that substantial conformance with WCAG 2.0 Level A or AA is neither the test for ADA Compliant, nor the sole method of finding the Website ADA Compliant. The Parties further agree that Defendant can link to Third-Party Content (as defined below) and shall not be responsible or liable for the state of the accessibility of the Third-Party Content to individuals with disabilities. The Parties further agree that ADA Compliant shall include substantial conformance with any standard or opinion later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals, or the U.S. Department of Justice. (The term "Third-Party Content" refers to websites or web content that is not developed, owned, or operated by Defendant.) If Defendant's ability to meet the deadline for compliance with this Section 2© is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties cannot reach an agreement regarding an extended deadline after such meet-and-confer efforts, either Party will have the right to seek judicial relief. Nothing in this Section 2 or in this Agreement shall prevent Defendant, its affiliated companies, or its successors or assignees from eliminating the Website in its entirety or modifying or eliminating any feature or portion of the Website at a later date, including those modified by this Agreement, provided that all such actions do nothing to diminish accessibility of the Website to persons with disabilities to any greater degree than to other guests of the Website.

/ / /

/ / /

/ / /

3. Each party shall bear his or its own attorneys' fees, costs and expenses (including expert consultant and witness expenses).

**IT IS SO ORDERED.**

Dated: 12/19/2019

_____
Hon. Alexander F. MacKinnon
United States Magistrate Judge